Watson, J.
 

 — I concur in the opinion delivered in the supreme court, that the finding of the referee should not be disturbed in regard to the allowance for the plaintiff’s labor. As was justly observed in that court,
 
 “
 
 enough was proved, to raise the question before the referee, whether the plaintiff was guilty of a breach of the contract, or the performance of it was waived by the defendant.
 

 The recovery of the money lent was had upon the testimony of Henry Newton alone, and the question is presented, whether the referee decided correctly, in rejecting the offer of the defendant, to prove that the witness had said, that the defendant “ should be beaten, if swearing could do it.” This depends entirely upon the question, whether the evidence offered was material to the issue; that it was so, I think, is settled by authority ; and the reasons for allowing such inquiries are well stated by Beardsley, O. J., in
 
 Starks
 
 v.
 
 People
 
 (5 Denio 108). He there
 
 says
 
 — “ It is always competent to show that a witness is hostile to the party -against whom he is called; that he has threatened revenge, or that a quarrel exists between them. A jury would scrutinize, more
 
 *331
 
 closely and doubtingly, the evidence of a hostile, than that of an indifferent or friendly witness. Hence, it is always competent to show the relations which exist between the witness and the party against, as well as the one for, whom he was called. (1 Green. Ev. §§ 449-50; 1 Stark. Ev. ed. 1842, pp. 189-90; 1 Phil. Ev. 272-73; Cowen & Hill’s Notes, pp. 729, 730, 765;
 
 Atwood
 
 v.
 
 Welton,
 
 *7 Conn. 70.)” In the case in 5 Denio, n . • * r * 347 the defendant was indicted for burning the barn L of the witness, and on the trial, the defendant offered to show that the witness had said, referring to a black ash swamp, “there would be a good place to kill Starks” (the defendant). The offer was rejected, the defendant convicted, and the supreme court reversed the judgment. Although the present case is less strong to show the malice of the witness against the party, still, it is within the principle of that case, and must be governed by it. The evidence offered would tend strongly to show the unfriendly feelings of the witness toward the defendant, and it should have been received.
 

 The objection that the statement which the witness Newton denied having made, was not precisely the same as that offered to be proved by the defendant (if the difference is material), not having been taken on the trial, is not available here. Had the objection been originally made on that ground, the phraseology of the defendant’s offer might perhaps have been modified. The judgment should be reversed, and a new trial granted.
 

 Judgment reversed, and new trial awarded.
 

 Ruggles, C. J., and Edmonds and Gridlev, JJ., dissented.