WILLIAM E. SIBELL, assignee, &c. vs. GEORGE REMSEN, Sheriff, &c.

Where an action is brought by a party as assignee, under an assignment made by a debtor, for the benefit of creditors, and the answer denies the right of the plaintiff to bring the action as such assignee; and the court decides that the assignment was void, and that no title to the property passed to the plaintiff under the same; and thus determines that the action was not brought by the plaintiff as assignee or trustee of an express trust, he cannot claim exemption from costs on the ground that he was such. CLERKE, J., dissented.

APPEAL from an order made by a judge, at chambers, denying a motion made by the plaintiff, to vacate an order theretofore made, in this action, requiring the plaintiff to appear and make a discovery on oath concerning his property.

*S. Sanxay*, for the appellant.

*N. F. Waring*, for the respondent.

SUTHERLAND, J.   This action was brought by Sibell, as assignee of an association or corporation called the Forest and Agricultural Steam Engine Company, under a general assignment of its property and effects, alleged to have been made to him by that association or corporation, for the benefit of its creditors.   The answer denies the right of the plaintiff to bring the action as such assignee; and alleges, if any such assignment was made, that it was and is not valid, and that by virtue thereof the plaintiff cannot maintain the action.

The judge before whom the cause was tried held that the assignment was void, and that no title to the property of the association or corporation ever passed to the plaintiff by the assignment, and dismissed the complaint.   It having been thus determined that the action was not in fact brought by the plaintiff as assignee or trustee of an express trust, he cannot claim the exemption from costs, given to the trustee of an express trust by § 317 of the code.

This judicial determination that the plaintiff did not in

Sibell *v.* Remsen.

fact prosecute this action as the trustee of an express trust, must control us in deciding this appeal from the order made by Judge Davies.

I think the plaintiff took upon himself the risk of having his right to prosecute as assignee or trustee, denied and determined against him.

It is not a question of good faith, in bringing the action as trustee; but a question of fact, whether the action was prosecuted by the trustee of an express trust. I think the order appealed from should be affirmed, with costs.

ROOSEVELT, J. The issue in this cause was, whether the plaintiff was a trustee or not. It was found that he was not. He cannot, therefore, in this cause, claim exemption from costs, on the ground that he was.

CLERKE, J., (dissenting.) In this case the plaintiff sued as assignee under a voluntary assignment in trust, executed by an association called the Forest and Agricultural Steam Engine Company, created under general acts of the legislature of this state. The action was commenced to recover damages, for levying on property, included in the trust, under an execution against the company, issued some time after the execution and delivery of the assignment. At the trial, the complaint was dismissed on the ground that the assignment was totally void ; and judgment was entered, in general terms, for the defendant's costs. An execution having been issued against the plaintiff for those costs, and returned unsatisfied, he was cited to appear before a judge, under supplementary proceedings, to be examined concerning his property. A motion having been made before the judge to set aside the order, on the ground that a trustee is not personally liable for costs, it was denied, and from this decision the plaintiff appeals.

Whatever was the law formerly on this subject, the code (§ 317) expressly provides "that in an action prosecuted or defended by an executor, administrator, trustee of an express

trust, or a person expressly authorized by statute," costs shall be chargeable only upon or collected of the estate, fund, or party represented, unless the court shall direct the same to be paid by the plaintiff or defendant personally, for *mismanagement* or *bad faith* in such action or defense.

The plaintiff in this case is the assignee of an express trust, and although his complaint was dismissed on the ground that the assignment was void, yet nothing appears to show any bad faith on his part, in prosecuting the action. To be sure, it is maintained that, as the assignment was held void by the judge who tried the action, the plaintiff therefore was not a trustee at all, and sued without any right to maintain the action. But was he not a trustee until the instrument was declared void? Deeming himself a trustee under an instrument regularly executed, and, for all that we can see, considering it not only his right, but his duty to resort to this method of claiming the property entrusted to him, he commenced this action. If, indeed, he assumed to act as trustee without any color of authority, he would then be personally liable for costs, even without any express direction of the court; as, if he undertook the trust upon the mere oral request of the president of the company, or under an instrument not executed in the manner in which instruments of this nature must be executed, to make them the act of the corporation. In such case, the instrument would be a palpable nullity, and any acts which he performed under it would be without any color of authority. But in the case before us, as far as we can see, there was an instrument, legally executed, appointing the plaintiff trustee, and his acts may be compared to those of a person acting as a public officer, who has no proper title to the office, but whose acts have a certain efficacy. He is exercising legal authority, *de facto;* and he would have a right to claim and recover, in some instances, in his own name, property belonging to the interests which he represents. In this case, doubtless, the assignment was an essential chain of his title, and as it was pronounced void, he could not of course

maintain his action. But, nevertheless, it was not an absolute nullity, so as to deprive him of all excuse for acting as a trustee, and instituting an action for damages done to property which he believed belonged to the trust. I therefore think that the plaintiff ought not to be made liable for costs, without the express direction of the court, on the ground of mismanagement and bad faith.

The order appealed from should be set aside, but without costs.

Order affirmed.

[NEW YORK GENERAL TERM, November 7, 1859. *Roosevelt, Clerke* and *Sutherland,* Justices.]