## SUPREME COURT.

HIRAM SLOCUM and others agt. CHARLES H. BARRY.

Where an action is hrought, and the complaint alleges that the plaintiffs were appointed trustees to receive subscriptions for the benefit of a public corporate institu. tion, and claiming to recover of the defendant, who had signed a general subscrip. tion agreement, the amount of his subscription, the plaintiffs are *trustees of an express trust*, under section 113 of the Code, and are not liable for *costs, personally*, on the dismissal of the complaint.

An order denying a motion to set aside an execution issued for costs against plaintiffs personally, who claim to act as trustees, is *appealable*.

*Albany General Term, March*, 1864.
*Before* PECKHAM, MILLER *and* INGALLS, *Justices*.

APPEAL from order of special term, denying motion to set aside an execution against the property of the plaintiffs.

The plaintiffs, in the complaint in this action, allege that they were appointed trustees to receive subscriptions and donations for the Troy University, which was thereafter to be legally organized and incorporated; and that a subscription agreement was prepared and signed by the defendant and others, a copy of which was annexed. The plaintiffs claimed to recover the amount subscribed by the defendant. The complaint was dismissed, and judgment entered against the plaintiffs for costs.

The plaintiffs moved at special term to set aside the execution, as improperly issued against the plaintiffs as such trustees, claiming that they were not liable for costs in their private or individual capacity.

The motion was denied with ten dollars costs, and the plaintiffs appealed to the general term.

W. A. BEACH, *for plaintiffs and appellants*.
J. ROMEYN, *for defendant and respondent*.

*By the court*, MILLER, J. By section 317 of the Code it is provided, that in an action prosecuted or defended by an

executor, administrator or trustee of an express trust, costs may be recovered, "but such costs shall be chargeable only upon or collected of the estate, fund or party represented, unless the court shall direct the same to be paid by the plaintiff or defendant personally, for mismanagement or bad faith in such action or defense."

In the case at bar, no order was obtained from the court that the costs should be paid by the plaintiffs; and the question arises whether the execution departs from the judgment, and was improperly issued against the plaintiffs personally.

I think the plaintiffs were trustees of an express trust, and, as such, the execution was improperly issued against them. They brought the suit as trustees, and so described themselves in the complaint. The instrument by virtue of which the plaintiffs acted, and the defendant was liable, shows that they were trustees. The powers conferred upon them were trust powers. They acted merely for the interest of those who had subscribed to the fund. They had no individual interest and derived no personal advantage from their position. Their names were merely used by the University, for the purpose of enforcing the subscription.

The Code (§ 113) provides that the trustee of an express trust shall be construed to include a person with whom or in whose name a contract is made for the benefit of another. The plaintiffs are clearly within this provision.* The contract of the defendant was made with them for the benefit of the University. No formal or written agreement is necessary to create a trust in money or personal estate; any declaration, however informal, which evinces the intention of the party with sufficient clearness, will have that effect. (*Day* agt. *Roth*, 18 *N. Y.* 448, 453.) Here there is a written instrument describing the parties as trustees, and evincing upon its face that it was designed to place them in that position.

---

* In *Howard's Unabridged Code, vol.* 1, under *section* 113, will be found collected all the reported cases bearing on the various positions in which the question of trustee of an express trust may arise.—REP.

It is said that the plaintiffs are not trustees of an express trust, within the provisions of 2 Revised Statutes, 228 and 229, sections 55 and 56. The title which embraces these provisions relates to real property (*Id. p.* 71), and I think in no way conflicts with the provisions of the Code before referred to.

The authorities referred to by the defendant's counsel, to sustain the doctrine that the plaintiffs have brought the action as individuals, and that the description in the title of the summons and complaint, and the allegations in the complaint, are but a designation of their persons and not an averment of their office, are not applicable to the present case. In those cases it appeared quite distinctly that the debt accrued to the parties themselves, after the decease of the person they represented; and there was nothing to show any obligation to them in a representative capacity.

Here the defendant promised to pay the plaintiffs, as trustees; they acted as such, and the complaint shows that they seek to recover in that capacity.

In no point of view do I understand that this contract was made with the plaintiffs as individuals, and I think an action brought by them in their individual capacity could not be sustained; nor do I think the formal judgment of dismissal, entered in favor of the defendant, is conclusive as to the character and liability of the plaintiffs personally for the costs. The judgment entered must be taken in connection with the pleadings; and, as there appears to have been no direction of the court that the plaintiffs pay costs personally, under section 317 of the Code, it is not to be assumed that such an order was intended. This is not like a case where the court have formally decided, on a trial, that a party is not a trustee of an express trust. (*Sibell* agt. *Remsen,* 30 *Barb.* 441.) The question, whether the action was improperly brought or conducted in bad faith, was never presented to the consideration of the court by a motion for costs for that reason, and has not been passed upon.

I think an appeal lies from the order. It was not an application for favor, nor a matter which rested in the discretion of the court. It affects a substantial right which had never been determined.

Order reversed, with $10 costs of appeal.