## Devoe *vs.* Brandt and Samuels.

Upon a motion to dismiss the complaint, at the trial, the grounds should be stated, so that the supposed defect may be obviated by proof, at the time.

Mere delay by a creditor in entering judgment, or issuing an execution, is not sufficient to warrant any finding of collusion, so as to defeat a purchase made by the judgment creditor, at a sheriff's sale under the execution.

THIS is an action for claim and delivery of goods of the value of $605.91. The defendant Brandt alone answered. In his answer he, first, denied each and every allegation in the complaint, and by his second answer, he alleged that the plaintiffs sold and delivered the goods and chattels in the complaint mentioned to George Samuels, the other defendant, on a credit, and that the plaintiffs herein, prior to the commencement of the present action, had instituted an action by the service of a summons and complaint against said Samuels, for the recovery of the price of said goods in that action claimed to have been sold and delivered to said Samuels, at prices agreed on, and which said goods were the identical goods claimed herein, and that issue has been joined in said action, and the same was still pending and undetermined. 3d. The defendant, for further answer and defense alleged: That a long time prior to the commencement of this action, the goods claimed herein were sold at public auction in the city of New York, as the property of said Samuels, and the defendant purchased at that sale the said goods and chattels, he having been the highest bidder for the same at said sale, and that he had since then owned the same, and until deprived thereof by the plaintiffs herein. Wherefore the defendant demanded judgment against the plaintiffs, that the complaint be dismissed, and that the said goods and chattels might be adjudged to belong to him, &c.

On the trial, no evidence was offered to support the second defense; and the only evidence to support the

third came from the plaintiffs. The following facts appeared on the trial, which took place before Justice BARNARD and a jury. The goods in question were sold by the plaintiffs to the defendant Samuels, October 25, 1866, and delivered between that day and November 8, 1866. Nothing was said about terms of credit. On March 13, 1865, Samuels was sued in this court by the defendant Brandt, for $3345, upon an indebtedness running back to March, 1863. This action was pending at the time of the sale and delivery of the goods in suit by the plaintiffs to Samuels, who concealed that fact from the plaintiffs. No defense was made by Samuels to that action; and on the 7th of November, 1866, more than twenty months after the service of the summons and before the delivery of the plaintiffs' goods was completed, judgment by default was entered therein for $4078.34, and on the same day an execution on that judgment was issued to the sheriff of the city and county of New York, upon which the sheriff levied upon and sold the goods in suit, and made altogether on the execution $2712.79, returning it *nulla bona* as to the residue, thus demonstrating Samuels' insolvency to the extent of $1971.

The defendant's counsel moved to dismiss the complaint, which motion was denied, and he excepted. No testimony was offered by either defendant. The jury found a verdict for the plaintiffs. The defendant's counsel moved to set aside the verdict and for a new trial, on the minutes, which motion was denied, and he excepted. The defendant Brandt, before the entry of judgment, appealed from the order denying a new trial. He did not appeal from the judgment.

*C. Bainbridge Smith,* for the appellant.

I. The delivery of the goods by the plaintiffs to George Samuels was absolute and unconditional, and the title thereto vested in the buyer, Samuels. This fact, being

undisputed, became a question of law, and the court erred in not dismissing the complaint, as requested, and to which refusal an exception was taken. (*Lupin* v. *Marie,* 6 *Wend.* 77. *Smith* v. *Lynes,* 5 *N. Y.* 41. *Decker* v. *Furniss,* 14 *id.* 617, 668. *Smith* v. *Dennie,* 6 *Pick.* 266.) In *Lupin* v. *Marie,* (*supra,*) it is held that " where goods are sold for which notes are to be given, and the property is subsequently delivered by the vendor without, at the time, requiring the notes or annexing any condition to the delivery, such delivery is a waiver of the obligation, which otherwise the vendee must have complied with before he could have demanded the goods, and the vendee becomes the absolute owner." In *Smith* v. *Lynes,* (5 *N. Y.* 41,) it is held that where goods sold to be paid for on delivery by notes, are delivered to the purchaser, without the notes being given or demanded, the presumption is, that the condition is waived, and that a complete title vests in the purchaser. In *Smith* v. *Dennie,* (6 *Pick.* 266,) cited with approval in 5 *N. Y.* 41, the sale was on the express condition that the vendee should give an indorsed note for the price, and the goods were delivered by the clerk of the vendor to the vendee without any express condition, and remained in the possession of the vendee for eight days, during which time no claim was made by the vendor for the notes or goods, when they were attached by a creditor of the vendee; it was held that there was a waiver of the condition, and a verdict to the contrary was set aside. 1. In the case at bar, there never was any condition as to the sale or delivery of the goods. The sale was complete and the delivery absolute; and the question is one of law. (*Smith* v. *Dennie,* 6 *Pick.* 266.) 2. Where any doubt arises, as to the intention with which the delivery is made, it is a question of fact for the jury; in such case the burden of proof rests upon the vendor. (*Smith* v. *Lynes,* 5 *N. Y.* 41.) 3. The vendors having

failed to show that the delivery of the goods was conditional. The court erred in not dismissing the complaint.

II. The court erred in leaving to the jury the question whether the defendant Samuels, did not league with the defendant Brandt, in procuring the judgment with a design to deprive the plaintiffs of their property; as there is no testimony tending to prove any such fact if so found by the jury; and in not charging as requested, "there being no proof of any collusion, the jury are not to infer it." 1. Fraud cannot be presumed, but must be conclusively proved. The evidence, though it may be circumstantial and presumptive, must be strong and cogent, such as to satisfy a man of sound judgment of the truth of the allegation. (*Henry* v. *Henry*, 8 *Barb.* 588. *Averill* v. *Williams*, 1 *Denio*, 501.) 2. A new trial will be granted, on the ground that the judge submitted to the jury to determine upon a fact as to which there was no evidence before them. (*Harris* v. *Wilson*, 1 *Wend.* 511.) 3. Although fraud is a question of fact for a jury to determine, still it is a question of law whether the evidence tends to establish fraud or not. (*Gage* v. *Parker*, 25 *Barb.* 145. *Erwin* v. *Voorhees*, 26 *id.* 130.)

III. The defendant Brandt became lawfully possessed of the property; no demand of it was made of him, and therefore this action cannot be maintained against him, as no one can be subjected to an action in respect to personal property in his possession, where it was received by delivery to him without personal wrong on his part, until he has refused to deliver it to the true owner upon a lawful demand. (*Stevens* v. *Hyde*, 32 *Barb.* 171, 181. *Bliss* v. *Cottle*, *Id.* 322. *Howell* v. *Kroose*, 4 *E. D. Smith*, 357. *N. Y. Car Oil Co.* v. *Richmond*, 19 *How.* 505. *S. C.*, 6 *Bosw.* 213.)

IV. It is submitted that in no aspect of the case can the verdict rendered in this action be maintained, and a new trial must be granted. 1. The delivery of the property by the plaintiffs to the defendant Samuels was absolute and

Devoe v. Brandt.

unconditional. · 2. There was no fraud; and, 3. No demand made of Brandt, who became lawfully possessed of the property

*A. R. Dyett*, for the respondents.

I. The judge properly denied the motion for a dismissal of the complaint. 1. On the facts proved, especially in the absence of any explanation on the part of the defendants, there was evidence from which the jury had a right to find that Samuels was guilty of fraud in the purchase of the goods from the plaintiffs, even had they been expressly bought on credit. (*King* v. *Phillips*, 8 *Bosw.* 603. *Brown* v. *Montgomery*, 20 *N. Y.* 287. *Nichols* v. *Michael*, 23 *N. Y.* 264.) 2. Brandt, as a judgment creditor for a precedent debt, was not a bona fide purchaser for value, so as to get any better title than Samuels got to the goods. *Acker* v. *Campbell*, 23 *Wend.* 372.) 3. But if it were necessary to prove that Brandt and Samuels colluded to subject the plaintiffs' goods to Brandt's execution, there was sufficient evidence to warrant the jury in finding that such collusion existed. 4. The motion for dismissal was general, as to both defendants, and no ground was specified.

II. No error was committed against the defendants in any part of the judge's charge. Its only fault was being too favorable to them.

*By the Court*, INGRAHAM, P. J. The motion for a dismissal of the complaint was denied. No grounds are stated in the case. The defendant now claims that it should have been granted, because there was no proof of demand, before action. That objection should have been stated on making the motion. It might have been obviated by proof at the time. (*Newton* v. *Harris*, 6 *N. Y.* 345. *Binsse* v. *Wood*, 37 *id.* 526.) There was not sufficient evidence of collusion between Brandt and Samuels to warrant

submitting that question to the jury. The defendant's counsel asked the judge to charge the jury that there being no proof of collusion between these defendants, the jury could not infer such collusion in reference to the judgment offered by the plaintiff in evidence. That action was by Brandt against Samuels, for $3345, commenced in March, 1865. Judgment was entered in November, 1866, and execution issued the same day. Mere delay in entering judgment or issuing execution can never by itself be considered sufficient evidence to charge the party as in collusion with debtors. It is not at all unusual for creditors to wait, before issuing execution, until they find their debtor in possession of property. Such delay, unaccompanied by other evidence, is not sufficient to warrant any finding of collusion, so as to defeat a purchase by the creditor at a sheriff's sale under the execution. I think the justice should have instructed the jury as requested, on this point.

Judgment reversed, and new trial ordered; costs to abide the event.

[FIRST DEPARTMENT GENERAL TERM, at New York, February 7, 1871. *Ingraham*, P. J., and *Cardozo*, Justice.]