# RYAN *v.* RAND.

### *N. Y. City Court, General Term ;** May, 1887*.

1. *Receiver's personal liability.*] One employed by a receiver in matters pertaining to the execution of the trust, must look to the latter in his individual capacity for his compensation ; for the receiver's contract does not bind the estate.†

2. *The same; stenographer's fees on accounting.*] A receiver of property in litigation is personally liable for the fees of a stenographer employed by his attorney to take the testimony upon a reference to state his accounts as receiver.‡

Appeal by the plaintiff from a judgment entered upon the dismissal of the complaint at the trial. Richard W. Ryan sued Thomas B. Rand to recover $262.30 for services of the plaintiff as stenographer.

The defendant was appointed a receiver of the Rossmore Hotel, in an action brought in the Supreme Court by Huldah H. Clapp against Robert C. Clapp and others. The court afterwards ordered a reference to state the defendant's accounts as receiver. Charles P. Crosby, as the attorney for the defendant, represented him upon the reference. The plaintiff is a stenographer, and as such took notes of

* McADAM, Ch. J., HYATT and EHRLICH, JJ.

† To have that effect the receiver must contract under instructions. See vol. 19, p. 379, *n.*

Compare Davis *v.* Stover, 16 *Abb. Pr. N. S.* 225. Goods sold, Matter of U. S. Rolling Stock, 57 *How. Pr.* 16; Rent, People *v.* National Trust Co., 82 *N. Y.* 283 ; Moore *v.* Higgins, *N. Y. Daily Reg.*, Jan. 9, 1885, abst.; s. c., 20 *Weekly Dig.* 123; Contracts generally, Kain *v.* Smith, 80 *N. Y.* 458; rev'g 11 *Hun*, 552.

As to enforcing contracts of the receiver's predecessor, see Lehigh Coal and Nav. Co. *v.* Central R. R. Co. (*N. J.* 1886) 3 *Atl. Rep.* 134; rev'd in Vanderbilt v. Little, 10 *Central Rep.* 849. And see note to next case.

‡ See Adams *v.* N. Y., Lake Erie & W. R. R. Co., *ante,* p. 180, with note on fees of stenographers, p. 183, and Thornton *v.* Tuttle, *ante,* p. 308.

the evidence offered before the referee. He transcribed his notes, and furnished full copies of the evidence to the defendant's attorney, who subsequently promised to pay the plaintiff's bill, amounting to $262.30.

The trial court at the close of the plaintiff's case, dismissed his complaint, upon the ground that, as the services were rendered to the defendant in his representative capacity as receiver, and not in a matter in which he was individually concerned, the action should have been brought against the defendant as receiver, and that he could not be held individually.

From the judgment entered on this direction the plaintiff appeals.

*Phillips & Wray,* for the plaintiff, appellant.

*Charles P. Crosby,* for the defendant, respondent.

McADAM, Ch. J.—The trial judge erred in holding that the defendant was not individually liable for the services rendered upon his accounting as receiver. The rule is that a person employed by a trustee, receiver, general assignee, executor or administrator in matters pertaining to the execution of the trust, must look to the person employing him, individually, for his compensation, as the contract does not bind the estate he represents. The title to the trust property vests in these different officials, and they must account for it to the persons ultimately entitled to distribution.

They are individually liable because they have no responsible principal behind them for whom they may contract and against whom the creditor may enforce his demand (Davis *v.* Stover, 16 *Abb. Pr. N. S.* 225 ; Ferrin *v.* Myrick, 41 *N. Y.* 315 ; Mygatt *v.* Wilcox, 45 *Id.* 306 ; Bowman *v.* Tallman, 2 *Robt.* 385 ; Willcox *v.* Smith, 26 *Barb.* 316 ; Schmittler *v.* Simon, 101 *N. Y.* 554 ; Moran *v.* Risley, 1 *City Court R.* 229 ; Singer & G. Co. *v.* Hardy, 2 *Id.* 223).

The defendant must pay the plaintiff's bill and charge it

against the estate he represents, and if found correct it will no doubt be allowed. It will not do for him to say that he has no estate to charge the account to, for then the policy of the rule holding him individually liable in the first instance has stronger reasons for its support. The receiver, as a rule, cannot involve the estate in expense without the sanction of the court (*Edwards on Receivers*, 4, 5, 98, 99 ; *Kerr on Receivers*, Bispham's ed. 182, 200, 201, 220 ; *High on Receivers*, § 175 ; 1 *Parsons on Contr.* 7th ed. p. 122). There was no authority from the court making the plaintiff's demand a charge upon the estate, and the defendant has no power to make it a charge thereon except by payment, then charging it in his accounts and having them sanctioned by the court in the usual way.

The plaintiff evidently did not intend to render his services gratuitously and must have a claim against someone. Mr. Crosby, who retained the plaintiff, as the attorney and known agent of the defendant, was not personally liable for the bill, not having assumed its payment personally, and the remedy is against the defendant, for whose benefit the work was done (Bonynge *v.* Field, 81 *N. Y.* 159 ; Bonynge *v.* Waterbury, 12 *Hun,* 534 ; Sheridan *v.* Genet, *Id.* 660).

In People *v.* Universal Life Ins. Co. (30 *Hun,* 142), it appeared that the receiver of an insolvent life insurance company, after his appointment, occupied and used premises theretofore occupied and used by the company, and the court (at p. 143) said : The liability sought to be enforced " is for the receiver's own tenancy. It is against him as assignee of the lease and not for a debt owing by the company. . . . The liability of the receiver appears to be the ordinary common law liability of the assignee of a lessee."

This decision is in keeping with the rule maintaining the individual liability of receivers for obligations voluntarily assumed.

The plaintiff made out a prima facie case. Indeed, the defendant (so far as the record discloses) found no fault with

the plaintiff's proofs, and based his motion for a non-suit on the ground of absence of individual liability on his part. If he intended to require the plaintiff to furnish more definite proofs of employment, the defendant should have been more specific in stating the grounds of his motion that the plaintiff might have supplied the proof (Devoe v. Brandt, 58 *Barb.* 493 : Newton v. Harris, 6 *N. Y.* 345 ; Binsse v. Wood, 37 *Id* 526). As the defendant was liable individually, the trial judge erred in holding he was not; and for this error the judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event.