## FURGUSON *v.* UNITED STATES LAND & INVESTMENT CO.

*(City Court of New York, General Term. October 8, 1890.)*

APPEAL—REVIEW—OBJECTION NOT RAISED BELOW.

An action was brought on a bond which had some years yet to run, and on several past-due interest coupons attached thereto. A condition in the bond provided that the principal sum should become due on a default in the payment of interest, continued for 90 days after demand. *Held,* that defendant's motion to dismiss the suit on the general ground that plaintiff had failed to prove his cause of action was insufficient to enable defendant, on appeal, to raise an objection that plaintiff had failed to prove a demand for the past-due interest, as such objection, if properly pointed out, might have been obviated at the trial.

Appeal from trial term.

Action by George W. Furguson against the United States Land & Investment Company on a bond and past-due interest coupons attached thereto. There was a verdict in plaintiff's favor and from a judgment thereon defendant appeals.

Argued before McADAM, C. J., and EHRLICH and VAN WYCK, JJ.

*W. S. Cowles,* for appellant. *A. S. Jackson,* for respondent.

PER CURIAM. The action is upon a bond issued by the defendant, and on certain coupons attached thereto. The coupons were past due, but the bond did not become due till July 1, 1894. There is a special condition expressed in the bond that if default shall be made in the payment of the interest, and continues for 90 days after it becomes due and payable, and has been duly demanded, that, at the option of the holder thereof, the principal sum of the said bond, with all arrearage of interest, shall become due and payable im-

mediately thereafter. The action being upon the bond, as well as the coupons, it was necessary, in order to recover upon the bond, to prove that the interest due upon the bond had been demanded 90 days prior to suit brought, and if this point had been specifically taken at the trial term, it would have been error for the trial judge to have refused a dismissal of the complaint as to the principal obligation. But the attention of the trial judge was not specifically called to this feature of the case, nor to the defect in the proof respecting it. The motion to dismiss was upon the general ground that the plaintiff failed to prove his cause of action. This general objection is not sufficiently explicit to enable the defendant, upon this appeal, to present a specific ground of objection which might, perhaps, have been obviated at the trial if the objection had been pointed out. *Falk* v. *Beeckman*, 2 N. Y. Supp. 650; *Devoe* v. *Brandt*, 58 Barb. 493; *Newton* v. *Harris*, 6 N. Y. 345; *Binsse* v. *Wood*, 37 N. Y. 526; *Jencks* v. *Smith*, 1 N. Y. 90; *Lewis* v. *Ryder*, 13 Abb. Pr. 1. For these reasons it was not error to refuse to dismiss the complaint, and, as we have failed to discover any other objection that requires comment, it follows that the judgment appealed from must be affirmed, with costs.