### COFFIN et al. v. PRESIDENT, ETC., OF GRAND RAPIDS HYDRAULIC CO., (three cases.)

*(Superior Court of New York City, General Term.  May 2, 1892.)*

1. ACTION ON NOTE—QUALIFYING AGREEMENT—BURDEN OF PROOF.

> In an action on a note, the burden of proving agreements qualifying plaintiff's right to recover, set up in an answer, but not referred to in the complaint, devolves on defendant.

2. SAME—CONDITIONS PRECEDENT.

> Plaintiff, representing a syndicate, made a loan of $100,000 to defendant, secured by note, with certain bonds of defendant attached as collateral.   Defendant had the liberty of substituting for these bonds others to be issued by it under a new mortgage, which plaintiff was to take and pay for at a certain price, but the new issue was in fact never made.   *Held,* in an action on the notes, that the execution of the new mortgage and issuance of the new bonds was a condition precedent to the substitution, and that, default having been made in that respect by defendant, no liability devolved on plaintiff because of the nonsubstitution.

3. SAME—CONSTRUCTION OF CONTRACT.

> Plaintiff agreed with defendant that, in the event of the nonpurchase of certain waterworks and nonpayment of the note by defendant, the syndicate should "act as a unit for their mutual interest."   The purchase was not made, and one of the syndicate assigned his interest therein to C., president of defendant company, whose interests were hostile to those of the rest of the syndicate.   *Held,* that such transfer abrogated the contract as to united action, it being not within the power of one member to prevent action by assigning his interest to a hostile person.

4. SAME—CONCLUSIONS OF LAW.

> Allegations of the answer, in an action on a note, that plaintiffs "have wrongfully brought this action in violation of their written agreement," and that "de-

fendant fully carried out and performed all the portions and parts of the agreement thereto annexed, binding upon defendant," but that plaintiffs failed to perform and carry out their parts of the agreement, present mere conclusions of law, and, no facts having been pleaded to support them, are insufficient as a defense.

5. SAME—PLEADING—ADMISSIONS.
   Where plaintiff declares on an obligation as a promissory note, and the answer does not dispute the allegation in that regard, defendant cannot raise the objection that the note is a conditional agreement for the payment of money, under Code Civil Proc. § 522, providing that material allegations, not controverted by the answer, shall be taken as true.

6. SAME—OBJECTIONS WAIVED.
   In an action on a note payable on the return of certain collaterals, the objection that the collaterals should have been tendered to defendant before suit brought cannot be urged for the first time on appeal.

7. SAME—RIGHT TO SUE—"TRUSTEE OF EXPRESS TRUST."
   An action on a note payable to "C. & S., agents" of a syndicate, on the return of certain collaterals, may be maintained by C. & S. in their own names as "trustees of an express trust," under Code Civil Proc. § 449.

8. SAME—PLEADING—OBJECTIONS WAIVED.
   In such case, the objection that C. & S. were not the real parties in interest should have been pleaded in defense.

Appeal from jury term.

Action by William E. Coffin and others against the president and directors of the Grand Rapids Hydraulic Company, (three cases,) the facts in each of which are similar, except as to date of the obligation, time when due, amount, and parties plaintiff, so that the questions involved in the three cases may be disposed of by the decision of one. The trial judge directed verdicts in favor of the plaintiffs, in the first action for $83,096, in the second for $34,860, and in the third for $1,985.40. The defendant appeals from the judgments entered on the verdicts, and from orders denying motions for a new trial. The opinion will be directed to the facts presented by the record in the first action, as the disposition made of that disposes of the other two appeals. From a judgment for plaintiffs, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before SEDGWICK, C. J., and McADAM, J.

*F. R. Coudert, David Keane,* and *E. T. Lovett,* for appellant. *Norwood & Coggeshall,* for respondents.

McADAM, J. The issues were simple enough, and the complications attempted to be interjected into the case arise from an effort on the part of the defendant to litigate questions not raised by the pleadings, nor germane to the controversy before the court. This circumstance requires us to state the issues raised, that the propositions involved may be intelligently understood. The complaint alleges three causes of action, each based upon a promissory note. The copartnership of the plaintiffs as bankers in the city of New York, under the firm name of Coffin & Stanton, was alleged and admitted by non-denial. The complaint then alleged that the defendant was and is a foreign corporation, duly incorporated under the laws of the state of Michigan, and that its principal place of business is at Grand Rapids, in that state. These allegations were also admitted by nondenial. Then the complaint alleges, as the first cause of action, that on or about the 15th day of May, 1889, the defendant, at the city of New York, made its certain promissory note in writing, whereby it promised, one year after date, to pay Coffin & Stanton, agents, etc., (the plaintiffs,) or order, the sum of $30,000, with interest at 6 per cent. per annum, and that the defendant duly delivered said note to the plaintiffs. The amended answer expressly admitted "the making of the note described in paragraph fourth of the first cause of action," but alleged as new matter that the same was made and delivered pursuant to an agreement between the plaintiff and defendant, April 12, 1889, known as the "Syndicate" agreement, a copy of which is annexed to and made part of the answer. The

amended answer then alleged that the note was not delivered to the plaintiffs other than as copartners or members of a syndicate as mentioned and set forth in said agreement, and that the plaintiffs are not entitled to maintain this suit on said note, for the reason that the same has been satisfied and paid, and should be delivered up and canceled to the defendant, and that the said note was not made otherwise than under the said agreement, and that it was only delivered to the plaintiffs under and pursuant to the terms of said agreement thereinbefore referred to. The complaint contained similar allegations as to the second and third causes of action. The admissions, denials, and new matter in the defendant's amended answer relating to the second and third causes of action are the same as those affecting the first cause of action. The amended answer then alleges additional matter, by way of defense, to the several causes of action, reiterating the defense of payment and satisfaction, and further stating that the plaintiffs, by an instrument in writing, bearing date June 11, 1890, known as the "Bondholders' " agreement, agreed to surrender and cancel said notes, and were given and allowed full satisfaction and payment therefor pursuant to such agreement, but they had failed, neglected, and refused to deliver the notes, and had wrongfully brought this action in violation of the terms and conditions of said agreement, a copy of which is also annexed to and made part of the answer. The amended answer then alleges that the defendant fully carried out and performed all the parts of the "Syndicate" agreement binding or obligatory upon the defendant up to the date of the commencement of the action, but that the plaintiffs herein failed to perform and carry out the parts of the agreement binding and obligatory upon them, to the damage of the defendant, etc. As an offset and counterclaim the amended answer further alleges that, pursuant to the "Syndicate" agreement and the "Bondholders' " agreement, the plaintiffs became bound unto and liable to the defendant to account for the funds and property of this defendant in the hands of the plaintiffs to the value of upwards of $60,000; that plaintiffs, although the defendant has duly demanded such accounting, have failed and neglected to make the same or cause the same to be made; that on such accounting the plaintiffs should be adjudged and ordered to deliver over to the defendant herein the notes sued on in this action, and such cash and bonds received by the plaintiffs and withheld from this defendant after demand as may be found or decreed to be in the hands of or withheld by the said plaintiffs from this defendant. These allegations were controverted by the reply. The amended answer also alleged that, by reason of the failure of the plaintiffs to carry out their part of the "Syndicate" agreement, the defendant had suffered loss, damage, and expense for which the plaintiffs are liable to the defendant under said agreement and under the "Bondholders' " agreement. This matter was controverted by the reply. Judgment was prayed for dismissing the complaint, for an accounting, and for whatever might be found due upon such accounting, and for $60,000 damages. The plaintiffs proved the interest on the several notes, and rested their case. The defendant then moved to dismiss the complaint, on the ground that the execution of the notes sued upon was not proved. The court inquired if the defendant did not admit the making of the notes, to which the defendant's counsel replied that it admitted the notes were made subject to the two agreements mentioned, and the court properly held that, as they were not referred to in the complaint, but were pleaded in defense, the *onus* of proving the agreements was on the defendant. The defendant then offered in evidence the "Syndicate" agreement. Its execution was admitted, but it was excluded for the reason that it contained nothing that operated as a bar to the action, and was therefore immaterial. The "Bondholders' " agreement was next offered in evidence, and excluded as irrelevant and immaterial, and as not sufficiently proven. These rulings were proper.

*First, as to the Syndicate Agreement.* The parties thereto are the defendant company on the one part, and a syndicate, composed of the plaintiffs, together with Stanton D. Loring, of Boston, Woodbury and Moulton, of Portland, Me., Eliott, Johnson & Co., of Wilmington, Del., and Duncan F. Cameron, of New York, of the second part. The agreement was not merely joint as to the syndicate, but several "for the respective interests or amounts for which they [the members] severally signed their names." The syndicate agreed to loan the defendant $100,000 on its notes, as specified therein. The notes in this and the two other suits are the notes given on the loan, and aggregate the entire amount thereof. There is no claim that the moneys thereon were not advanced, nor the sums claimed actually due, if the terms of the notes are to control the time of payment. That they were to control (subject to certain contingencies that have not happened) is apparent. The agreement provides that the notes are to run "one year" at 6 per cent. interest, with $200,000 par value of the bonds of the company attached thereto as collateral. The notes were the principal obligation, the bonds merely incidents in the nature of security for their payment. The defendant had the liberty of substituting as collateral for the notes a certain new contemplated issue of bonds, and the syndicate was to take such new issue, and pay for the same at 90 cents on $1, at or before the maturity of the loan. This portion of the agreement did not become operative, because the new mortgage was not made, nor the new bonds issued; so that this phase of the case need not be pursued. So with other provisions of the contract, which require no special reference. They are not in the nature of conditions precedent on the part of the syndicate, for they depended on the prior performance of certain duties by the defendant, which formed the executory consideration for the acts the syndicate was to perform; and the failure of the defendant to execute such prior duties relieved the syndicate from fulfilling the promises which made it dependent on such performance. The law in this regard is settled.

There are covenants which are conditions and dependent, in which the performance of one depends upon the prior performance of another; and until this prior condition is performed the other party is not liable to an action on his covenant. The dependence or independence of covenants is to be collected from the evident sense and meaning of the parties, and, however transposed they may be in the deed, their precedency must depend on the order of time in which the intent of the transaction requires their performance. Add. Cont. (2d Amer. from 4th Eng. Ed.) p. 865. "In all executory contracts," observes HOLT, C. J., "if the agreement be that one shall do an act, and for the doing thereof the other shall pay, the doing of the act is a condition precedent to the payment, and the party who is to pay shall not be compelled to part with his money till the thing be performed for which he is to pay." *Thorpe* v. *Thorpe*, 1 Salk, 171. And therefore, if two men should agree, one that the other should have his horse, the other that he will pay him £10 for it, no action lies till the horse be delivered. Id.; *Peeters* v. *Opie*, 2 Saund. 350. Tested by these rules, it is evident that the execution of the new mortgage and issuing of the new bonds by the defendant was to precede any duty or liability on the part of the plaintiffs or the syndicate to do any act concerning them, and, as neither was made nor issued, the covenant of the syndicate concerning them never became the subject of default on the part of the plaintiffs or any other member of the combination. See *Dunham* v. *Mann*, 8 N. Y. at page 513. The plaintiffs were not the disbursing agents of the defendant, but of the syndicate. They were to get in the necessary contributions from members, and pay the moneys over to the defendant; and that they performed this duty is evidenced by the promissory notes, which are the written acknowledgments for the money. The amount paid over by the plaintiffs to the defendant became its property as soon as it entered the treasury of the company, and the duty of disbursing such funds within the restrictions imposed by the

agreement devolved upon its officers. There was no breach of condition or duty by the plaintiffs, and no default by them, and consequently no reason why they should not be allowed to enforce the obligations owned by them, or why they should be held to have incurred any present liability to the defendant. No evidence was given in support of the defendant's counterclaim, and no legal basis for its existence appeared in any form. The defendant lays great stress upon the clause in the "Syndicate" agreement that, "in the event of the nonpurchase of the waterworks system of the city of Grand Rapids, Mich., and nonpayment of the note by the Grand Rapids Hydraulic Company or its assigns, then the syndicate shall act as a unit for their mutual interests." The purchase was not made, and the defendant urges that the loans could be enforced by the syndicate only after all the members thereof had voted to enforce them, and that there was a want of unanimity, because Moses R. Crow, who succeeded to the interest of Duncan F. Cameron in the syndicate, opposed the enforcement thereof. Crow was the president of the defendant company, and his interests, like those of the corporation he represented, were antagonistic to the syndicate. It is but reasonable to hold that the provision requiring the members to act as a unit in certain contingencies does not mean that one member of it may transfer his interest to a hostile party, and thus prevent unanimous action. To decide otherwise would be to permit the president of the defendant company to postpone the payment of the notes in suit until such time as he (Crow) saw fit to permit their enforcement. The unity of interest for concerted action was destroyed when Cameron, who was disinterested, went out, and Crow, who was interested and hostile, came in. The other members of the syndicate could not be expected to consult him as to their interests, when they knew in advance that his advice and judgment were biased by interests hostile to their own. The compact as to mutual advice and united action was by the withdrawal of Cameron abrogated or changed to such an extent at least that Crow, representing the adverse interest, could neither dictate nor control the action of the other members of the syndicate. The trial judge properly held that the "Syndicate" agreement was not a bar to the action, that unanimity of purpose was no longer necessary, and though, perhaps, in a sense relevant to the issues, the agreement was immaterial as matter of defense, and refusing to admit it in evidence in no manner prejudiced the defendant.

*Next, as to the "Bondholders'" Agreement.* This was offered in evidence by the defendant, and excluded. It was not executed by the defendant, was not sufficiently proved to have been executed by all who purported to have subscribed it, and by its terms it was not to become binding until it was signed by all the bondholders, and until all the bonds and past-due coupons were delivered and deposited as therein provided, and there was no proof or offer to prove that these prerequisites to a binding contract had been complied with. The evidence (both documentary and oral) excluded by the trial judge would have not altered the result if it had been admitted. No error was committed in its exclusion. The defendant was technical at the trial in regard to the plaintiff's proofs, and their right to maintain the action, and the plaintiffs in turn were equally fastidious about the defendant's mode of pleading, and insisted upon the rule that a defendant cannot avail himself at the trial of a defense consisting of new matter not pleaded, (Code, § 500, subd. 2,) and claimed that the allegation in defendant's amended answer that plaintiffs "have wrongfully brought this action in violation of their written agreement and in violation of the spirit, terms, and conditions of the said other agreement hereinbefore mentioned," etc., and the further allegation "that the defendant fully carried out and performed all the portions and parts of the agreement thereto annexed, binding or obligatory upon the defendant, up to the date of the commencement of this action, but that plaintiffs herein failed to perform and carry out the parts and portions of the said agreement,

binding and obligatory upon them to the damage of this defendant," all were conclusions of law; no facts having been pleaded tending to show a breach of the agreement by the plaintiffs.   *D'Arles* v. *Freedman*, 53 N. Y. Super. Ct. 518; *Knapp* v. *City of Brooklyn*, 97 N. Y. 520, 523; *Van Schaick* v. *Winne*, 16 Barb. 89; *Butler* v. *Viele*, 44 Barb. 166, 169; *Chauvrant* v. *Maillard*, (Sup.) 4 N. Y. Supp. 126; *Jennings* v. *Railway Co.*, (Sup.) 5 N. Y. Supp. 140, affirmed, 127 N. Y. 438, 28 N. E. Rep. 394.   The defendant's amended answer is open to the criticism made and to the objection sustained by the cases cited.   The defendant now insists that the obligations sued upon were not promissory notes, but conditional agreements for the payment of money.   The complaint declared upon them as promissory notes, and the amended answer did not dispute the allegations in that regard.   The admission concluded the defendant.   Code, § 522.[1]   The obligations were offered in evidence by the defendant, but no point was made that the securities should have been tendered before suit brought.   That objection might have been obviated then, and cannot be urged for the first time upon appeal. *Devoe* v. *Brandt*, 58 Barb. 493; *Newton* v. *Harris*, 6 N. Y. 345; *Binsse* v. *Wood*, 37 N. Y. 526; *Jencks* v. *Smith*, 1 N. Y. 90; *Lewis* v. *Ryder*, 13 Abb. Pr. 1; *Ferguson* v. *Investment Co.*, 11 N. Y. Supp. 738.   But, aside from this, the defendant, on paying the judgment, will be entitled as of right to the collaterals given to secure the debt; and in no event would the defendant have been entitled to the securities until it tendered payment of the debt.

The plea of payment and satisfaction, set up in the answer, was unproved; and, apart from the complications and technicalities imported into the case by the defendant, there does not seem to have been a shadow of defense established.   The objection that the plaintiffs could not maintain the action is untenable.   The obligations sued upon, according to the complaint, (and not denied by the answer,) were absolute promises to pay to "Coffin & Stanton, agents," etc., (the plaintiffs,) at times stated, specific sums of money; and according to the instruments themselves they were promises to pay to them, in manner aforesaid, upon the return of the securities deposited as collateral. See *Oatman* v. *Taylor*, 29 N. Y. 649.   If the action was not maintainable by the plaintiffs as the real parties in interest, it was certainly maintainable by them as trustees of an express trust, for the contracts were made in their name.   Code, § 449;[2]   *Considerant* v. *Brisbane*, 22 N. Y. 389; *Slocum* v. *Barry*, 34 How. Pr. 320; *Hutchins* v. *Smith*, 46 Barb. 235.   If the defendant intended to raise the objection that the plaintiffs were not the real parties in interest, it should have been pleaded in defense.   *Savage* v. *Insurance Co.*, 4 Bosw. 15, 16; *Hammond* v. *Earle*, 58 How. Pr. at page 438; *White* v. *Drake*, 3 Abb. N. C. at page 134.

A number of the rulings excluding testimony are sustained by the disposition we have made of the "Syndicate" and "Bondholders'" agreements, some because facts were not pleaded, making the proof competent; others because the questions attempted to prove facts which, according to the legal rights of the parties under the obligation sued upon and the agreements aforesaid, as we have interpreted them, were immaterial.   It is not necessary to review these rulings in detail, as it would lead to useless repetition.

The defendant, appreciating the defective condition of the amended answer for the purpose of raising the questions it undertook to litigate, moved to amend it, but the trial judge, in the exercise of judicial discretion, refused to

---

[1] Section 522 provides that a material allegation of the complaint, not controverted by the answer, shall be taken as true.

[2] Section 449 is as follows: "Every action must be prosecuted in the name of the real party in interest, except that an executor or administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue, without joining with him the person for whose benefit the action is prosecuted.   A person with whom or in whose name a contract is made for the benefit of another is a trustee of an express trust, within the meaning of this section."

allow the amendment proposed. The discretion was not abused, and therefore the ruling cannot be assigned as ground of reversible error. We have examined the record with the aid of the elaborate briefs of counsel, and find no error that requires a new trial. There was no real, substantial, and meritorious defense to the action, and the verdict directed merely gives effect to the legal rights and obligations of the parties. It follows that the judgment entered on the verdict, and the order denying the motion for a new trial, must be affirmed, with costs.