NEW-YORK,
Nov. 1810.

MERCER
v.
SAYRE.

command the goods were detained, and who is liable as a *tortfeasor.*

*  *Ante,* 254.

Motion granted.

MERCER *against* SAYRE, impleaded with TOLER.

Where the counsel for the defendant, after he had summed up the evidence in the cause, and while the plaintiff's counsel were addressing the jury, discovered new and material evidence, which he offered to produce; but the judge supposing he had no discretion, refused to admit it, unless the plaintiff's counsel would consent, which being refused, a verdict was found for the plaintiff; it was held, that the judge had a discretion to admit the evidence; and that, as it ought to have been received, the defendant was entitled to a new trial.

THIS was an action of *assumpsit.* The *capias ad respondendum* was returnable the 10th of *August,* 1807. The declaration contained seven counts. The first count was on a promissory note, dated the 14th *February,* 1806, for 164 dollars and 44 cents, payable six months after date. The other counts were for goods sold, &c. the usual money counts, and an *insimul computassent.* The defendant pleaded *non assumpsit,* and payment, with notice of a set-off.

The cause was tried at the *New-York* sittings, the 13th of *December,* 1809, before Mr. Justice *Yates.* It is unnecessary to state all the facts proved at the trial.

After the evidence was closed, and after the defendant's counsel had summed up to the jury, and while the plaintiff's counsel were addressing the jury, the counsel for the defendant informed the judge, that he had just discovered, from the inspection of a paper in the possession of one of the plaintiff's witnesses, who had been examined, that the money due on a note of *Thomas Burdell,* for 3,000 dollars, and which the plaintiff con-

tended comprehended the sum due for the goods of the plaintiff sold by *Sayre* and *Toler*, and for which the present suit was brought, was not, in fact, received by the assignees of *Sayre* and *Toler*, until *December*, 1807, after the commencement of the suit; and asked permission to give the paper, or evidence of that fact, to the jury; but the judge thought he could not admit the evidence, unless the plaintiff's counsel would consent; which being refused, the evidence was rejected, and the jury found a verdict for the plaintiff, for 742 dollars and 77 cents, being the balance due on the account of the plaintiff.

A motion was made to set aside the verdict, and for a new trial.

*Baldwin*, for the defendants. The evidence offered was material; for the suit was brought in *August*, 1807, to recover the balance of a consignment of goods from the plaintiff to the defendants, and for which they took the note of *Burdell;* and the money, as would have been proved, was not received by the defendants until long after the commencement of the suit, so that the plaintiff had no cause of action, at the time the suit was brought.

The judge had a discretion to admit the evidence, under the peculiar circumstances of the case. It was decided in *Byron* v. *Alexander*,[*] that the judge had such a discretion in a similar case. And it is on the ground of a refusal of the judge to exercise that discretion, that we apply for a new trial.

*D. B. Ogden*, contra. It was not necessary for the plaintiff to show that the money had actually come into the hands of the defendants, in order to maintain his action for money had and received.[†] The defendants having assigned the note for a valuable consideration, were immediately liable for the amount to the plaintiff. It was so much money received to his use. Whether the

[*] 2 *Johns. Cas.* 318.

[†] *Doug.* 132. 2 *Esp. Cases*, 571.

assignee received the money before or after the commencement of the suit, cannot affect the plaintiff's right of action. The evidence, therefore, if admitted, would not have prevented a recovery.

*Per Curiam.* The evidence offered was material, inasmuch as it went to destroy any presumption that the money was actually received by the defendant at the time the action was brought. The judge, under the circumstances of the case, had a discretion to admit the evidence; and it ought, in sound discretion, to have been received. We think, therefore, that the defendants are entitled to a new trial, with costs to abide the event of the suit.

Motion granted.