### RICHARDSON vs. DEBUYS & LONGER.

Appeal from the court of the first district.

Porter, J., delivered the opinion of the court. The petition states, that the firm of Debuys & Louger, composed of Gaspard Depuys, A. Longer &          Benoit, is indebted to the plaintiff in the sum of $5176, the proceeds of 86 bales of cotton, sold on his account, in the months of November, 1821, and March, 1822.

It is in the discretion of the judge *a quo*, to permit a witness to be sworn after the parties have closed their evidence. and the defendant has opened his case.

He who holds himself out as a partner in a commercial firm is responsible as such, though he is in reality not a member of it.

The defendants severed in their answers.

Debuys & Longer, pleaded that there was no such firm as that set forth in the plaintiff's petition, and denied that Benoit was a partner of it.

That the facts alleged in the petition,

Vol. iv. (n. s.)          17

East'n District. were untrue, and if they should be proved,
January, 1826. they owed the plaintiff only, the sum of $131
RICHARDSON, 95 cents.
vs.
DEBUYS &        Benoit's defence consisted in a general
LONGER. denial.

The first points to which our attention has been directed, are presented by bills of exceptions.

On the day the cause stood for trial, the 19th of April, one of the defendants filed an affidavit for a continuance, which stated that on the 21st of March, then last past, he had forwarded a commission to Woodville, in the state of Mississippi, which was not returned. The affidavit contained the usual averments, that the testimony expected under this commission, was material, that it was expected daily, and that the application was not made for delay.

The cause had been at issue three years, when this application was made, and under all the circumstances, we are unable to say the court below acted erroneously, in refusing it. No explanation is furnished, why the defendants delayed so long in procuring testimony, which might have been so easily had at an earlier period.

East'n. District
January 1826.

RICHARDSON.
vs.
DEBUYS &
LONGER.

They renewed the application on another affidavit, that they could not go safely to trial without the benefit of the testimony of Benoit, their co-defendant. But the judge most correctly refused it; for, even admitting the witness was competent, the affidavit neither states that due diligence had been used to procure his attendance; that the application was not made for delay, nor that the defendants expected to get his testimony at any other time. See the cases of *Lafon's, Exrs.* vs. *Gravier & Al. Martin, vol.* 1, 245, and *Allard & Al.* vs. *Lobau, vol.* 3, 295.

The third and last bill of exceptions, was taken to the opinion of the judge, permitting the plaintiff to examine a witness after the parties had closed their evidence, and the defendants' counsel had opened his defence, by reading his answer to the jury. The witness examined, had been summoned, and attached at the instance *of the defendants,* and came into court after the other testimony in the cause had been heard.

We think the judge exercised his discretion soundly in admitting the witness. No general rule can be established in regard to matters of this kind; much must depend on the particular circumstances of the case.

RICHARDSON
*vs.*
DEBUYS &
LONGER.

The principal objections which have oc-
curred to us, against extending such indul-
gence, is the irregularity and confusion which
such a practice creates in the conducting of
causes, and the opportunity it affords to one
party, to keep back important testimony,
until the other, supposing the evidence to be
closed, has sent his witnesses away.   The
first matter must be confided to the judge who
tries the cause; and the second is not sug-
gested here, for the witness was one who was
summoned by the defendant, and  brought
into court on his special application.   7 *John*.
306, 4 *Sergeant & Rawle*, 482, 4 *Binney*, 198.

An application was made for a new trial in
the inferior court, where, in addition to the
reproduction of the grounds taken in the bill
of exceptions, it was contended there was no
proof of the partnership alleged in the peti-
tion.   The jury have found this fact in the
affirmative, on evidence which is conclusive
against Benoit, one of the defendants, but
which is rather weak against the others, De-
buys & Longer.   The former held himself
out to the world, as partner, and cannot now
be permitted to escape from the responsibility
he incurred by the declaration.   Under these

East'n. District.
January 1826.

RICHARDSON
vs.
DEBUYS &
LONGER.

circumstances, we are unwilling to disturb the verdict; more particularly as the only persons who can complain of the evidence, not supporting it, are benefitted rather than injured by the finding. If Benoit was not the partner of Debuys, and of Longer, it is surely no injury to them, to see him made responsible *in solido* for their debts.

On the merits, we entirely coincide with the jury; the money paid to Freeman, was paid without proper authority, and the defendants are clearly responsible.

The plaintiff has prayed that the judgment may be amended by adding to the amount found by the jury, $131 95 cents, acknowledged to be due by the answer. And he has contended that as the sum of $1020 78 cents paid Freeman, was the only matter in dispute, and as the verdict is for exactly that sum, it is evident the jury overlooked the admission of the defendants, that the former amount was due, independent of the payment to the person who represented himself as the plaintiff's agent.

We are not certain whether the jury took this admission into consideration or not. They may have believed, that under the

East'n. District. whole circumstances of the case, the plaintiff
*January* 1826. was entitled to no more. We do not, there-
RICHARDSON   fore, feel authorised to give a different sum
*vs.*
DEBUYS &     from that found by them, and the plaintiff has
LONGER.      not asked, that the cause should be remanded.

It is therefore ordered, adjudged, and de-
creed, that the judgment of the district court
be affirmed with costs.

*Eustis* for the plaintiff, *Carleton* and *Lockett*
for the defendants.