# ABBOTTS'

# PRACTICE REPORTS.

## NEW YORK.

### LEWIS *a.* RYDER.

*New York Common Pleas; General Term, July,* 1861.

MANUFACTURING CORPORATION.—PERSONAL LIABILITY OF STOCK-
HOLDERS.—PLEADING.—TRIAL.—JUDGMENT AGAINST CORPORA-
TION IS EVIDENCE OF DEBT.

Under the provisions of the Laws of 1853, 705, ch. 333, § 2,—allowing manufac-
turing corporations to purchase property necessary for their business, and issue
stock in payment therefor, which stock shall be deemed full stock, and the
holders not liable for further payments under the 10th section of the general
act,—the holder of such stock when sued, to charge him personally under the
general act with a debt of the corporation, may, in his answer, couple with his
admission that he is a stockholder, averments that the stock held and owned
by him was issued by the company in payment for property purchased by its
trustees, and necessary for their business, and that it was full paid stock, not
liable to any further calls or payments; and such admission does not aid the
plaintiff.

If, on the trial, there is no other proof of the defendant's ownership of stock than
such admission, a motion to dismiss the complaint should be granted.

Where in such case, upon a motion to dismiss the complaint and after the plain-
tiff had rested, but before the defendant had given any evidence, and the plain-
tiff offered to give further proof as to defendant's ownership of stock, but the
court declined to receive it for the reason that the defendant was entitled to his
motion to dismiss the complaint on other grounds ;—*Held,* that this was tanta-
mount to a refusal to receive the additional evidence.

The mere fact of a plaintiff resting cannot be regarded as a bar to his right to
furnish further proof; and his case cannot be regarded as closed, where the de-

VOL. XIII.—1

fendant has given no evidence, as long as he has testimony to give upon a fact not completely established or made out *prima facie*, and which is essential to his recovery ; and even if permitting further proof is a matter of discretion with the court, if the court refuse to exercise it, the judgment may be reversed.

Proof that a transcript of a judgment had been received by the county clerk, and was docketed, and that he furnished a transcript thereof, is *prima facie* sufficient evidence of the docketing.   Per BRADY, J.

Quarterly rent agreed to be paid for the use of premises for one year,—*Held*, a debt contracted to be paid within a year; under the statute rendering stockholders in manufacturing corporations liable for such debts in certain cases. Per BRADY, J.

A judgment against a corporation, disclosing the claim upon which it was based, is a debt within those provisions, and is to be received as *prima facie* evidence in an action against the stockholder on his personal liability.   Per BRADY, J.

Appeal from a judgment recovered in a justice's court against a stockholder, for a debt of the corporation.

The facts are stated in the opinion.

BY THE COURT.*—BRADY, J.—The defendant in this action was sued as a stockholder of the United States Gutta Percha Belting and Packing Company, who had become liable to pay the plaintiff's demand against that company in consequence, it was alleged, of its omission to comply with certain requirements of the statute.   The complaint alleged that the defendant was a stockholder of that company.   The defendant, in his answer, admitted that he was a stockholder as thereafter mentioned, and he then denied any allegation in the complaint not answered.   The defendant, for a further answer, then averred that the stock held and owned by him was issued by the company in payment for property purchased by its trustees and necessary for their business, and that it was full paid stock, not liable to any further calls or payments.   On the trial the plaintiff gave no evidence as to the defendant's ownership of the stock held by him, and when he rested his case the defendant's counsel moved to dismiss the complaint upon that ground, and others which he supposed to be fatal to the plaintiff's right to recover. When the motion was made, as it appears from the return, the plaintiff offered to produce additional evidence of the defendant's ownership, and applied for permission to resume his case,

---

* Present, DALY, BRADY, and HILTON, JJ.

but the court denied the application, as it was of opinion that the defendant was entitled to his motion on the other grounds advanced by him. Assuming the justice to have dismissed the complaint upon failure of proof as to the character of the defendant's stock, his decision was correct. The defendant's answer was a denial that he held any other stock than such as was exempt by law from the penalties prescribed by the statute. He admitted that he held the stock mentioned in his answer, and denied every thing not answered. If the answer in respect to stock was a full and complete answer, then the allegation in the complaint as to the ownership of stock was denied, and the burden of proof was thrown upon the plaintiff. The defendant, as to the ownership of stock, was in *foro conscientiæ*, and could not deny such ownership, and, therefore, had the right to state the facts connected with his stock as a part of the admission. The admission did not aid the plaintiff, because the owner of such stock is not liable for the debts of the company. (*Laws of* 1853, ch. 333, 705.)

The difficulty which is presented in this case, however, arises from the observation of the justice, that he thought the defendant entitled to his motion to dismiss the complaint on other grounds than the one just considered. How is this declaration to be construed? If a refusal to receive the additional evidence, then he erred. The right to give further evidence was absolute before the motion was decided. The cases in which it has been held to be matter of discretion, are those in which the evidence has been given on both sides and the cases closed. (Edwards *a*. Sherratt, 1 *East*, 604; Alexander *a*. Byron, 2 *Johns. Cas.*, 318; Mercer *a*. Sayre, 7 *Johns.*, 306.)

The mere fact of a plaintiff resting, cannot be regarded as a bar to his right to furnish further proof; and, indeed, it may be said that his case cannot be regarded as closed, where the defendant has given no evidence, as long as he has testimony to give upon a fact not completely established or made out *prima facie*, and which is essential to his recovery. But assuming it to be a matter of discretion, then it must be said, in this case, that the discretion was not exercised; or, if exercised, it should be considered that additional evidence was produced. The justice seems to have conceded that if the second ground for a nonsuit was removed, the other objections would be fatal,

and the case is analogous to Mercer *a.* Sayre (7 *Johns.*, 306, *supra*), in which, after the evidence was closed and the defendant's counsel had summed up, and the counsel for the plaintiff was addressing the jury, the defendant's counsel asked permission to give evidence of a material fact. The judge presiding ought he could not admit it without the plaintiff's con and the plaintiff declining, it was rejected. A new trial granted, and the court, in *banc*, said that the judge, under the circumstances of the case, had a discretion to admit the evidence, and it ought, in sound discretion, to have been admitted. If the plaintiff had a right to give the additional proof, or if the right to produce it depended upon the discretion of the justice, then it should have been allowed.

Upon the facts stated, however, the conclusion should be, that the complaint was dismissed in the court below upon the other grounds suggested by the defendant's counsel, and upon the assumption, therefore, that the additional proof offered would have removed the objection as to the kind of stock owned by the defendant. Having arrived at this result, it becomes necessary to see whether any of those grounds were tenable. The first is, that it did not appear that the judgment had been docketed in Queen's county, or that any valid execution had been issued thereon. This was not well taken.

The clerk of Queen's county testified that a transcript of the judgment mentioned in the complaint had been received by him and was docketed, and he furnished a copy of the transcript so docketed. There was no evidence affecting the official character of the transcript, and no question asked the clerk affecting its authenticity. The testimony was therefore sufficient, *prima facie*, to put the defendant to his proof.

The next reason assigned why the complaint should be dismissed, is, that the debt upon which the judgment was recovered, was not contracted to be paid within a year. This objection cannot be sustained. The debt contracted was the rent agreed to be paid for the use of the premises in Liberty-street, for the period of one year, and in quarterly payments. It was, therefore, not a debt which was contracted not to be paid within a year. The remaining objection was that it appeared by the complaint that the action was brought directly upon the judgment itself, and not to charge the defendant with the debt upon

Lewis *a.* Ryder.

which the judgment was founded. This objection cannot be sustained. The judgment was a debt (Andrews *a.* Murray, 9 *Abbotts' Pr.*, 8), and the judgment-roll disclosed the claim upon which it was based. The existence of such debt against the company was sufficiently established by proof of the judgment, and there was no pretence that the judgment was procured by fraud, or was invalid by reason of any error committed in obtaining it. The question of the necessity of proving the original debt in actions against stockholders, formed under the act of 1848, has been considered by Justice Bacon, in Belmont *a.* Coleman (21 *N. Y.* (7 *Smith*), 96). And although the law was not declared in that case, I think the conclusions of Justice Bacon are correct. If the judgment, upon which the plaintiff relies, was not obtained by confession, fraud, or collusion, and is not invalid by reason of some error, of which advantage can be taken collaterally, it should be received as *prima facie* evidence of the existence of a debt against the company, putting the defendant to his proof either of fraud, collusion, error, or that the debt was not, in truth, due from the company. I think the judgment should be reversed. Upon a new trial the plaintiff can make such further proof as he may deem advisable upon the questions at issue.

HILTON, J.—I concur in reversing this judgment, upon the ground that the justice improperly refused to allow the plaintiff's offer, after he had rested his case, but before the complaint had been actually dismissed, to give additional evidence establishing the defendant's liability. (Mercer *a.* Sayre, 7 *Johns.*, 306.)

The offer made called upon the judge to exercise a discretion respecting it, and it would have been a sound discretion, under the circumstances disclosed in this case, to have admitted the proof.

Judgment reversed.