BENJAMIN S. HILL, Respondent *against* FREDERICK A. CONKLING *et al.* Appellants.

(Decided January 7th, 1877.)

In an action against a stockholder of a corporation organized under the Manufacturing Companies' act of 1848, for wages due a servant from the corporation, the complaint must contain allegations showing that the sum contracted to be paid was, by the terms of the contract, payable within twelve months from the time of the contracting of the debt.

In such an action a complaint stating only that plaintiff " was a servant and laborer of said corporation between the 15th day of June, 1874, and the 29th day of January, 1876, and in that capacity rendered services to said corporation, and which services were reasonably worth, and the said corporation agreed to pay this plaintiff therefor, the sum of $246 07, which sum became due and owing this plaintiff by said corporation on the said 29th day of January, 1876," is insufficient on demurrer as not stating facts sufficient to form a cause of action.

APPEAL from a judgment of this court in favor of the plaintiff, for $334 87, entered on a decision made at special term by Judge Robinson, overruling a demurrer to the complaint

The facts appear in the opinion.

*Henry E. Davies, Jr., & G. Irvine Whitehead*, for appellant.

*Paul Fuller & Frederick Hemming*, for respondent.

JOSEPH F. DALY, J.—The complaint alleged as cause of action against defendants, who were stockholders in the Secor Sewing Machine Co., that the plaintiff "was a servant and laborer of said corporation between the 15th day of June, 1874, and the 29th day of January, 1876, and in that capacity rendered services to said corporation, and which services were reasonably worth, and the said corporation agreed to pay this plaintiff therefor, the sum of $246 07, which sum became due and owing to this plaintiff by said corporation on the said 29th day of January, 1876." This was a claim for nineteen months' services, but it nowhere appears in the complaint whether the sum contracted to be paid for such services was payable by the contract at the end of the nineteen months or sooner; it certainly does not appear that it was payable within twelve months after the services were rendered. The utmost that could be inferred from the complaint is, that as to the last twelve months' service the payment was to be made at the expiration of twelve months, since the allegation is, that the pay became due on the last day of service; but the conclusion is just as good, that the contract was for nineteen months' services, payment to be made at the end of that period—in which case defendant would not be liable. Section 24 of the act of 1848, chapter 40, provides, that no stockholder shall be personally liable for the payment of any debt contracted by the company which is not to be paid within one year from the time the debt is contracted. If the plaintiff were to be paid for his services by the year he could recover, or if he

were to be paid at stated periods less than a year he could recover. But this is not the allegation of the complaint, which in no wise brings plaintiff's contract with the company within the terms of such contracts as are enforceable against a stockholder. (*Hovey* v. *Ten Broeck*, 3 Robt. 316.)

The act of 1875, sec. 25, cited by plaintiff on his points, is not the statute under which the corporation of which defendant is a stockholder was formed. The provisions of the act of 1875 apply only to suits against stockholders of corporations organized under that act. (Laws of 1875, chap. 611, sec. 25.)

The judgment should be reversed with costs, and defendant should have judgment on his demurrer with costs, with leave to plaintiff to serve an amended complaint within twenty days after service of order.

CHARLES P. DALY, Ch. J., concurred.

Ordered accordingly.