## N. Y. SUPERIOR COURT.

Ewen McIntyre, respondent, agt. William E. Strong, appellant.

*Limited liability companies — personal liability of stockholders — Laws of 1875, chapter 611, secs. 25 and 37.*

In an action brought against a stockholder of a corporation organized under the act of June 13, 1875 (*Laws of* 1875, *chap.* 611, *p.* 755) to recover for the default of the company in payment of rent for five quarters, from the 1st day of February, 1877, to the 1st day of May, 1878, at the rate of $1,000 per annum, under a lease for the term of five years from the 1st day of January, 1876:

*Held,* that, within the meaning of sections 25 and 37 of the act, the rent payable within two years from the time of executing the lease and delivering the premises, is recoverable in such action; the rent accruing beyond that time is not a liability that can be enforced against the individual stockholders.

*General Term, January,* 1882.

*Before* Russell *and* Arnoux, *JJ.*

Appeal from a judgment, entered on the verdict of a jury and from an order denying a new trial.

*Adolphus D. Pape* and *Henry S. Bennett,* for appellant.

*William J. Gibson,* for respondent.

Arnoux, *J.* — This action was brought against a stockholder of the Excelsior Grain Binder Company, limited, a corporation organized under the act passed June 13, 1875 (*Laws* 1875, *chap.* 611, *p.* 755) for the default of the company in payment of rent for five quarters from the 1st day of February, 1877, to the 1st day of May, 1878, at the rate of $1,000 per annum. Plaintiff, by lease under seal dated the 1st day of January, 1876, acknowledged before the subscribing witness on the 26th day of January, 1876, let to said cor-

poration certain premises in the city of New York, for the term of five years and four months from date, and the corporation entered into possession thereof. The defendant pleaded 1st, surrender; 2d, that he was not a stockholder when the liability was assumed; and 3d, that under section 7 of the statute he is not liable.

*First.* It must be admitted that upon the printed case submitted to the court, defendant made a strong case of surrender. The impecunious condition of the corporation, the conversation as stated by the president and corroborated by the secretary of said corporation, the delivery of the key, the letter of the 18th of August, 1877, in which the alleged agreement to surrender made in said conversation is stated, and to which plaintiff never replied, tended to prove this. On the other hand, the corporation remained in possession after the delivery of the key, and plaintiff denied making the agreement to cancel the lease. This presented a sharp conflict of evidence, which was submitted to the jury by the learned judge who tried the cause, and whose charge was lucid and comprehensive, and not excepted to. The jury having the advantage of seeing the witnesses, decided for plaintiff, and we do not deem that there was such a weight of evidence in favor of defendant as would warrant a reversal on that ground (*Westerlo* agt. *De Witt,* 36 *N. Y.,* 340; *Crane* agt. *Randonine,* 55 *N. Y.,* 256; *East River Nat. Bank* agt. *Grove,* 57 *N. Y.,* 598; *Roosa* agt. *Smith,* 24 *Sup. Ct.* [17 *Hun*], 138).

*Second.* It appears from the evidence that, in or about October, 1875, defendant subscribed for stock in said corporation, and on the 21st day of January, 1876, he received a certificate for one hundred shares, for which he then or previously paid the par value thereof. If we were governed by the date of the lease, it might become important to determine the *status* of defendant in relation to said corporation on the 1st day of January, 1876, but the date is only a formal part of the instrument, and the presumption which

McIntyre agt. Strong.

·it affords of delivery is overthrown by the fact that the copy thereof produced by the plaintiff was acknowledged before the subscribing witness on the twenty-sixth day of January, five days after the defendant confessedly became a stockholder in said corporation.

*Third.* A more important and difficult question arises on the third defense, that is, as to the liability of a stockholder on the lease in question under the twenty-fifth section of said act, which provides : " No stockholder shall be personally liable for the payment of any debt contracted by any corporation formed under this act, which is not to be paid within two years from the time the debt is contracted." The great and constantly increasing number of companies incorporated under the general laws of the state of New York, relating to corporations, including almost the entire community, either as stockholders or creditors, and give to questions of this character a general interest, and consequently such questions demand the most careful consideration. The law has imposed burdens upon individual stockholders until the capital is duly furnished (which has not been done in this case), to protect creditors who trust the corporation on the faith of a paid-up capital; on the other hand it protects such stockholders against the unqualified, unlimited and prolonged liability of a general partnership. Counsel for plaintiff claims that defendant is liable under section 37 of said act. " In limited liability companies, all the stockholders shall be severally individually liable to the creditors of the company in which they are stockholders, to an amount equal to the amount of stock held by them respectively for all debts and contracts made by such company, until the whole amount of capital stock fixed and limited by such company has been paid in," &c.

These two provisions as they stand, are inconsistent, and one or the other must yield. Following the rule of construction laid down in respect to wills, we are of the opinion that section 37 must be read subject to section 25. If it were otherwise, so much of section 25, as quoted above, would

McIntyre agt. Strong.

be meaningless, for when the whole capital stock of a limited liability company is paid in, and the conditions of the law complied with, then there is no liability whatever upon the individual stockholders, however brief the credit given to the corporation may be; so that section 25 must govern this case.

We then recur to the question, was the debt in quession to be paid within two years from the time it was contracted?

The defendant's counsel declared that as the lease is for five years, no liability is imposed whatever upon the stockholder. Plaintiff's counsel contends that each quarter is a new contract, and that no part of the lease is beyond the statutory limitation. To support this view he cites *Garrison* agt. *Howe* (17 *N. Y.*, 465).

That was an action brought to recover against a trustee for failure to report. Plaintiff had made a contract to deliver certain chattels from time to time, and the company, on their receipt, were to give time obligations. When the report was due the company did not owe plaintiff anything under the contract. Subsequently he made a delivery for which the company failed to pay. There is a broad distinction between that case and the case at bar. There the contract was executory on the part of the plaintiff; here it is executed. The defendant's counsel contends that as the lease was for five years, it is wholly beyond the statute. This view is equally fallacious. The true rule lies between these extremes. The rent payable within two years from the time of executing the lease and delivering the premises is recoverable in this action; the rent accruing beyond that time is not a liability that can be enforced against the individual stockholders.

What constitutes a debt within the meaning of the various manufacturing acts, has had many and contradictory decisions (*see Thompson's Liability of Stockholders*, secs. 57, 58); but when a debt is contracted, has been, so far as we have ascertained, only adjudicated in *Garrison* agt. *Howe* (*supra*), which does not apply, and in *Lewis* agt. *Ryder* (13 *Abb.*, 1), which throws no light upon the question.

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event, unless the plaintiff, within ten days after the entry of an order herein, stipulates to reduce the judgment to $750, with costs, interest and proper allowances, in which case the judgment and order are affirmed, without costs to either party.