# City Court.

### General Term—February, 1884.

## MAX DOCTOR ET AL. against ISAAC GUGGEN-HEIM.

Liability of stockholders of manufacturing corporation; effect of judgment against corporation; pleading, numbering separate causes of action, &c.

Appeal from an order made at special term denying a motion to strike from the complaint matter said to be irrelevant and redundant.

*A. J. Dittenhofer*, for appellant.

*Charles A. Hess*, for respondent.

McADAM, Ch. J.—The plaintiffs had a claim against the Economy Packing Company for $153.70, upon which they recovered a judgment in this court on the 9th day of March, 1882, for $196.65 damages and costs. An appeal was taken to the general term, and on the 17th day of November, 1882, the costs on appeal were taxed and judgment entered against the said company for $89.28, the amount therof.

The Economy Packing Company was organized under the act, entitled "An act to authorize the formation of corporations for manufacturing, mining, mechanical and chemical purposes," passed February 17, 1848, and the acts amendatory thereof, and supplemental thereto. The defendant was one of the corporators of the company. Its capital stock was to be $25,000, divided into five hundred shares of the par value of $50 each. The defendant subscribed for one hundred and seventy-five shares, and agreed to pay

therefor $8,750, and thereupon became a stockholder in such company. He never paid the agreed $8,750, and under section 38 of the act before referred to (2 *R. S.* 6 ed. 504) "became individually liable to the creditors of the company, to an amount equal to the stock held by him for all debts and contracts made by the company."

The plaintiffs claim that these judgments represented a debt and contract made by the company, a judgment being for certain purposes regarded as a debt (Lewis *v.* Ryder, 13 *Abb. Pr.* 1).

The application which the defendant made at the special term was to strike out as irrelevant and redundant the allegations of the complaint relating to the appeal to the general term, and the judgment for costs recovered thereat, or if such relief was not granted, to compel the plaintiffs to separate the causes of action. Both motions were denied.

We will consider these two branches separately. (1.) The allegations as to the judgment for costs were not irrelevant or redundant. The court of appeals, in Stephens *v.* Fox (3 *N. Y.* 313), held that in an action like the present, in which the statute makes each stockholder liable for the debts of the corporation to an amount equal to the sum unpaid on his stock, the record of a judgment is competent evidence of the plaintiff's status as a creditor and of the amount due him. That the effect of such provision was, not to impose any penalty or original liability upon the stockholder, but simply to confer upon the creditor of the corporation a right to pursue, for the satisfaction of his claim, the indebtedness of the stockholder to the corporation for his unpaid subscription. That the creditor claims through the corporation, and if he shows that he is a creditor by evidence binding and conclusive against it, the evidence is competent against the stockholder. The cases of Miller *v.* White (50 *N. Y.*

Max Doctor *v.* Guggenheim.

137) and McMahon *v.* Macy (51 *N. Y.* 155) depended upon different principles, and the court in Stephens *v.* Fox (*supra*), in distinguishing them, said, "In those cases the defendant was not pursued as a debtor to the corporation, or for any pre-existing liability of his own, but upon an original liability created by the statute, and it was not in the power of the corporation to admit away his case, or suffer a recovery which should be binding upon him and create, as against him, a liability to which he was not previously subject." (2.) The Code (483) provides that "where the complaint sets forth two or more separate causes of action, the statement of facts constituting each, must be separate and numbered." The test which ought to determine whether the complaint states two independent causes of action is to inquire whether separate actions could have been maintained therefor.

We think that but one cause of action existed in favor of the creditor, against the defaulting stockholder. The ground of his liability was the failure to pay the amount of his subscription to the corporation, and as a result of this neglect he became liable to the creditor in the present instance for the amount of his demand against the corporation, and this was the aggregate amount of both judgments, particularly in view of the fact that the last judgment was but an incident of the one first recovered, and depended upon it for validity. The first was the foundation for the second. The defendant's liability was not necessarily to the amount of the creditor's demand, but to the extent of his unpaid subscription, which in the present instance exceeds the amount of both judgments. To have brought separate actions under such circumstances would have amounted practically to a splitting of the cause of action, a course neither favored nor allowed.

We think the motions made below were properly

denied, and that the order appealed from must be affirmed, with costs.

HYATT and HALL, JJ., concur.