# City Court.

## Trial Term—February, 1886.

# ELIZABETH GOFF *against* WILLIAM B. WHITNEY.

A stockholder of a corporation, created under the general manufacturing act, is not personally liable, unless the debt contracted by the corporation is payable within one year. He is not liable for rent under a lease to the corporation, having two years and more to run.

Trial by the court without a jury.

McADAM, Ch. J.—The action is brought to charge the defendant, as stockholder of a manufacturing company, with a debt of the corporation, because no certificate was filed proving the amount of capital fixed and paid in (2 *R. S.* 6 ed. 504, § 38, old § 10). The established rule of interpretation is to construe these statutes strictly (77 *N. Y.* 1). This mode of construction will, therefore, be followed. The lease is dated February 11, 1884, and the liability that ripened into a debt was contracted then (Cox v. Gould, 4 *Blatchf.* 341).

The defendant became a stockholder July 1, 1884. There are authorities holding that a stockholder is not liable for debts contracted prior to the time he purchased his stock (18 *Barb.* 152; 11 *Hun*, 141; 7 *Barb.* 279), but I doubt the application of this rule to a continuing obligation like a lease where money is payable monthly, quar-

Goff v Whitney.

terly, or the like, and where the default in paying the installment is that which gives rise to what is technically called "the debt," and this failure to pay occurs during the time the particular person sought to be charged is a stockholder (17 *N. Y.* 465). But this is only one theory of the defense. I prefer to put my decision upon another. Section 24, now section 59, of the act provides that "no stockholder shall be personally liable for the payment of any debt contracted by the company which is not to be paid within one year from the time the debt is contracted." This literally means that the entire debt must, by the terms of the contract, be paid within one year (see Hill *v.* Conkling, 7 *Daly,* 397; Dean *v.* Mace, 19 *Hun,* 391; Handy *v.* Draper, 89 *N. Y.* 334). If it means anything else, it is difficult to imagine any case in which an installment is payable within the year that comes within its provisions, no matter how long the duration of the contract. It will not do to say that an installment falling due during the year is the debt contemplated by this section, because the statute refers to the entire "debt contracted," and not to divisible portions of it. The statute serves creditors and stockholders alike in this, that both are informed that personal obligations against stockholders are to be enforced only in cases where the contract imposing the liability is to be fulfilled within one year.

The stockholder for protection may keep himself informed as to corporate contracts made during the year, without being required to go further and search for obligations made perhaps years before, to ascertain if they call for continuing yearly or quarterly installments. The statute, construed in any other form, becomes oscillating and unreliable. The expressions "debt" and "debt contracted" have been variously construed, but the strict interpretation required in this class of cases (77 *N Y.* 1) at once suggests the necessity of giving to the statute a meaning that is fixed and certain and does not require the

apportionment of obligations arising under one and the same contract.

The lease was for a term exceeding two years and the rent payable monthly. By it the landlord gave the privilege of occupying his building; he was to give no more. Mere effluxion of time required the corporation to make the payment, the lease being the source of liability.

In this respect, the case differs from Garrison *v.* Howe, 17 *N. Y.*, 465, where lumber was to be delivered, and the court said the contract "contains mutual stipulations by the plaintiff to furnish and by the defendant to pay for the lumber; and there is no debt in existence until lumber has been delivered."

McMaster *v.* Davidson, 29 *Hun*, 542, was decided on the same principle. Here, the landlord, by his lease, gave the privilege of occupying his property; he was to give no more, so that the lease created the obligation to pay. The liability was contracted the moment the lease was signed, though the rent was payable by installments, which did not assume the technical form of "debts" until due, according to the terms of the lease.

In Lewis *v.* Ryder, 13 *Abb. Pr.* 1, the lease was for one year only, and that case consequently did not decide the question involved here.

McIntyre *v.* Strong, 63 *How. Pr.* 43, was an action against a stockholder in a business company organized under the act of 1875, chapter 611, which contains a provision similar to section 24, *supra*, excepting that in the act of 1875, § 25, the limitation is two years instead of one as provided in the act under consideration. In that case, the defendant was sought to be held for installments of rent under a lease for five years, and the superior court, at general term, held that the stockholder was liable for rent payable "within two years from the time of executing the contract." This was certainly as liberal a construction of a penal statute as could be given, but even under this decision no recovery can be had herein.

The first year's rent, under the lease herein, was paid by the corporation and by the receiver thereof appointed by the supreme court. The present action is for the March rent in advance, and the value of steam power in addition thereto. The rent up to March, 1885 was paid. The complaint herein refers to the February rent as unpaid, but the evidence and the judgment against the corporation show that this is an error, and that the March rent in advance was alone intended.

For the reason stated, and without discussing the other objections urged against a recovery, and complaint must be dismissed, with costs.